

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts |
|---|---|
| Name John G. Lindenberg | Prisoner No. W50667 | Case No. |

Place of Confinement

M.C.I. Shirley

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| John G. Lindenberg          V. | Paul Verdini, Superintendent M.C.I. Shirley |

The Attorney General of the State of: Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

   Worcester Superior Court, Worcester, MA

2. Date of judgment of conviction   May 29, 1991

3. Length of sentence   Life Imprisonment

4. Nature of offense involved (all counts)

   Murder in the Second Degree

5. What was your plea? (Check one)
   (a) Not guilty       ☒
   (b) Guilty           ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

FILING FEE PAID:
RECEIPT # 404219
AMOUNT $ 5.00
BY DPTY CLK _____
DATE 11-25-03

(2)

9. If you did appeal, answer the following:

   (a) Name of court   Massachusetts Appeals Court

   (b) Result   Judgment of Conviction Affirmed

   (c) Date of result and citation, if known   May 22, 1998 (unreported)

   (d) Grounds raised   1) illegal search and seizure violative of federal and state constitutions;2) violation of Miranda rights and state statute entitling deaf persons to interpreter;3) search warrant unconstitutional as fruit of poisonous tree;4) erroneous jury instructions including *

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court   Massachusetts Supreme Judicial Court

   (2) Result   Further Appellate Review Denied

   (3) Date of result and citation, if known   September 14, 1998 (unreported)

   (4) Grounds raised   All issues that were before the Appeals Court are considered raised, if further appellate review is granted. In addition, issue of probable cause to arrest, which was contested by Commonwealth for first time in Appeals Court, was raised.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   Worcester Superior Court

    (2) Nature of proceeding   Criminal Rule 25(b)(2) Motion To Set Aside Verdict and Order New Trial or In Alternative Order Entry of a Finding of Guilty of Manslaughter

    (3) Grounds raised   Verdict Against Weight of the Evidence

*constitutionally defective burden-shifting instructions on self-defense

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result  Motion Denied

(6) Date of result  January 21, 1994

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Worcester Superior Court

(2) Name of proceeding  Criminal Rule 30(b) Motion For New Trial and Rule 30(c)(4) Motion For Discovery

(3) Grounds raised  The prosecution's failure to disclose material and and exculpatory evidence relevant to the issue of whether probable cause to arrest existed -- statements and physical evidence were illegally obtained as a result of the arrest without probable cause; discovery motion sought material and exculpatory evidence relevant to the issue of whether probable cause to arrest existed which the prosecution refused to disclose.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result 1) Motion Denied; 2) Denial Affirmed on Appeal; 3) Further Appellate Review Denied by Supreme Judicial Court

(6) Date of result  1) February 5, 2002; 2) March 5, 2003; 3) April 30, 2003

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐  No ☒
(2) Second petition, etc.   Yes ☒  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
Advised by counsel that likelihood of success poor, given broad discretion of trial judge on Rule 25 motion based on ground that verdict against the weight of the evidence; plus claims with likelihood of success were being addressed in direct appeal which was then pending.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Lack of probable cause to arrest at time of invasive search (wherein defendant's pants and shoes were removed and his underwear was searched) found to constitute a de facto arrest.

Supporting FACTS (state *briefly* without citing cases or law): In the trial court, the Commonwealth defended the invasive search of the defendant, conducted many hours before the defendant's formal arrest, as a protective pat frisk, having conceded that probable cause to arrest was lacking at that time. In its brief in the Appeals Court, the Commonwealth did an about-face and for the first time claimed that probable cause to arrest existed at the time of the search. The police officers testified that, at the time of the search, the defendant was being interviewed as a witness who came upon the scene within moments of the shooting of his employment supervisor, and they did not have probable cause to arrest him at that time. Statements made by the defendant and physical evidence seized from him after his illegal de facto arrest were introduced against him at trial.

B. Ground two: Failure of Commonwealth to disclose exculpatory evidence when it changed its position in Appeals Court on question of probable cause to arrest.

Supporting FACTS (state *briefly* without citing cases or law): When the Commonwealth made probable cause to arrest the defendant at the time of the invasive search a live issue for the first time in the Appeals Court, the Commonwealth then had an affirmative duty to disclose evidence that at the very time the defendant was searched and de facto arrested, the police were apprehending with deadly force and arresting three other suspects for the same crime.

(5)

AO 241   (Rev. 5/85)

C. Ground three: Physical evidence and the defendant's statements should have been suppressed, on the ground that the defendant was not adequately advised of his Miranda rights, because the police failed to provide an interpreter for the defendant, who is deaf. Statements made*

Supporting FACTS (state *briefly* without citing cases or law):

The police officers failed to advise the defendant of his entitlement to an interpreter for three hours after his de facto arrest, and then gave inadequate notice of the defendant's entitlement to an interpreter, rendering the Miranda warning given to the defendant sometime after his de facto arrest inadequate.

D. Ground four: Incriminating physical evidence seized pursuant to a search warrant obtained in reliance on illegally obtained statements and physical evidence should have been suppressed pursuant to the fruit of a poisonous tree doctrine.

Supporting FACTS (state *briefly* without citing cases or law):

A warrant to search the defendant's home was issued pursuant to an affidavit, which relied upon statements of the defendant and physical evidence illegally seized for the reasons stated above. The search of the defendant's home produced incriminating evidence introduced against him at trial.

E. Ground five: Jury instructions on self defense unconstitutionally shifted the burden of proof to the defendant.

Supporting FACTS: Please see reverse side.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

Not applicable

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing   Peter Muse, Esq., 44 Bromfield Street, Boston, MA

    (b) At arraignment and plea   Peter Muse, Esq.

*by the defendant and physical evidence seized from him after his illegal de facto arrest were introduced against him at trial.

(6)

12 (5)(E) Ground Five Supporting FACTS:

The trial judge unconstitutionally shifted the burden of proof on self defense to the defendant by instructing the jury that: "In passing upon the reasonableness of the force used, if you **find** that the Defendant used force on the **hypothesis** that he was acting in self defense you should consider . . . and you must take every factor into consideration that has been placed into evidence in making a logical determination whether there was a reasonable exercise of self defense justified and used [emphasis added]." Trial Tr. p. 1613.

AO 241   (Rev. 5/85)

(c) At trial   Peter Muse, Esq.

(d) At sentencing   Peter Muse, Esq.

(e) On appeal   John P. Fulginiti, Esq.

(f) In any post-conviction proceeding   William P. Homans, Esq.,
Deceased - Post-Conviction;
Post-Conviction Rule 25(b)(2) Motion (Petition #1): William P. Homans, Esq.
Post-Conviction Rule 30 Motions (Petition #2): John P. Fulginiti, Esq.

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Nov. 24, 2003
_____
Date

_____
Signature of Petitioner

(7)