# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY -5 P 1: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN G. LINDENBERG,
PETITIONER,

v.

PAUL VERDINI,
RESPONDENT

CIVIL ACTION
NO. 03-40267-DPW

## RESPONDENT'S MOTION TO DISMISS
### PETITION FOR WRIT OF HABEAS CORPUS

The respondent, Paul Verdini, hereby moves this Honorable Court to dismiss the Petition for Writ of Habeas Corpus filed by the petitioner, John G. Lindenberg. As grounds therefor, the respondent states that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). The respondent relies on the accompanying memorandum of law in support of his motion to dismiss.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Dean A. Mazzone, BBO # 640866
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Date: May 3, 2004

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

JOHN G. LINDENBERG,
PETITIONER,

v.

PAUL VERDINI,
RESPONDENT

CIVIL ACTION
NO. 03-40267-DPW

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Paul Verdini's ("the respondent") Motion to Dismiss the habeas corpus petition filed by John G. Lindenberg's ("the petitioner") on the ground that it is time-barred under 28 U.S.C. §2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

### PRIOR PROCEEDINGS

In 1990, a Worcester County, Massachusetts, grand jury indicted the petitioner on one count of murder in the first degree. Following a trial before a Superior Court Judge and a jury, the petitioner was convicted of murder in the second degree *See* Docket Entries attached hereto. Thereafter, the petitioner was sentenced to a term in state prison for and during the term of his natural life for the murder conviction. *Id.* The petitioner's appeal was affirmed by the Massachusetts Appeals Court in May, 1998, in an unpublished memorandum and order pursuant to the Court's Rule 1:28. See *Commonwealth v. Lindenberg*, 44 Mass. App. Ct. 563, 705 N.E.2d

---

[1] Since it is clear from the face of the petition, and the state court docket sheets attached hereto, that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

-3-

276 (1998). The Supreme Judicial Court ("SJC") denied further appellate review on September 14, 1998. See *Commonwealth v. Lindenberg*, 428 Mass. 1104, 705 N.E.2d 276 (1998).

Approximately two years later, on July 7, 2000, the petitioner filed a motion for new trial. See attached docket sheets. The motion was denied by the Superior Court. *Id.* The order was affirmed by the Appeals Court on March 5, 2003, and the SJC denied further appellate review on April 30, 2003. See *Commonwealth v. Lindenberg*, 57 Mass. App. Ct. 1111, 784 N.E.2d 51; *Commonwealth v. Lindenberg*, 439 Mass. 1104, 787 N.E.2d 1058 (2003). The petitioner filed the instant petition in this Court on November 25, 2003.

-4-

## ***ARGUMENT***

I.   **THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. §2244(d), as amended by the AEDPA,

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition at issue in this case was filed on November 25, 2003.  For purposes of the AEDPA, enacted on April 24, 1996, the petitioner's conviction became final on December 14, 1998, after the Massachusetts Supreme Judicial Court affirmed his conviction on direct review and the 90-day period in which *certiorari* could have been sought by him expired.  Thus, the petitioner had until December 14, 1999, to file his habeas petition.

With this petitioner, there are no circumstances present to invoke the triggering provisions of §§2244(d)(1)(B)-(D).  Moreover, the fact that the one year period may be tolled under the provisions of 28 U.S.C.§2244(d)(2) is no aid to this petitioner.  Here, the petitioner's post-

-5-

conviction filing in State court, *i.e.,* his motion for new trial, was not filed until July 7, 2000, approximately one and one-half years after his conviction became final, and approximately seven months after the one-year AEDPA limitations period had run. Where that time period had run for this petitioner, then, there was nothing left to toll. The petition is, therefore, time-barred. *See Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (filing of state post-conviction motion stops, but does not "reset" the limitation period). The petition must be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

Dean A. Mazzone, BBO # 640866
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Date: May 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the petitioner's counsel, addressed as follows: John P. Fulginiti, Taylor, Ganson & Perrin, LLP, 160 Federal Street, Boston, MA 02110, by first class mail, postage prepaid, on May 3, 2004.

Dean A. Mazzone, BBO # 640866
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

# Commonwealth of Massachusetts
## WORCESTER SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Lindenberg, John

Details for Docket: WOCR1990-01100

### Case Information

| | | | |
|---|---|---|---|
| Docket Number: | WOCR1990-01100 | Caption: | Commonwealth v Lindenberg, John |
| Entry Date: | 04/05/1990 | Case Status: | Crim 1 (204 Worcester) |
| Status Date: | 05/06/2003 | Session: | Disposed (appeal denied |
| Lead Case: | NA | Deadline Status: | |
| Trial Deadline: | | Jury Trial: | NO |

## Parties Involved

2 Parties Involved in Docket: WOCR1990-01100

| | | | |
|---|---|---|---|
| Party Involved: | | Role: | Defendant |
| Last Name: | Lindenberg | First Name: | John |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| | | | |
|---|---|---|---|
| Party Involved: | | Role: | Plaintiff |
| Last Name: | Commonwealth | First Name: | |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

## Attorneys Involved

3 Attorneys Involved for Docket: WOCR1990-01100

| **Attorney Involved:** | | **Firm Name:** | WORC02 |
|---|---|---|---|
| **Last Name:** | Landry | **First Name:** | Thomas E |
| **Address:** | 2 Main Street | **Address:** | Courthouse Room 220 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1176 |
| **Telephone:** | 508-755-8601 | **Tel Ext:** | |
| **Fascimile:** | 508-831-9899 | **Representing:** | |

| **Attorney Involved:** | | **Firm Name:** | TAYL02 |
|---|---|---|---|
| **Last Name:** | Fulginiti | **First Name:** | John P |
| **Address:** | 160 Federal Street | **Address:** | 20th floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | |
| **Telephone:** | 617-951-2777 | **Tel Ext:** | |
| **Fascimile:** | 617-951-0989 | **Representing:** | Lindenberg, John (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Homans | **First Name:** | William P |
| **Address:** | ****DECEASED**** | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | 617-723-6162 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Lindenberg, John (Defendant) |

## Calendar Events

4 Calendar Events for Docket: WOCR1990-01100

| No. | Event Date: | Event Time: | Calendar Event: | SES | Event Status: |
|---|---|---|---|---|---|
| 1 | 11/30/1993 | 09:00 | Hearing: Post-Sentence | 1 | Event canceled not re-scheduled |
| 2 | 11/17/2000 | 09:00 | Conference: Status Review | 1 | Event not held--scheduled for another date |
| 3 | 12/01/2000 | 09:00 | Hearing: Motion | 1 | |
| 4 | 09/26/2001 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |

## Full Docket Entries

64 Docket Entries for Docket: WOCR1990-01100

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 04/05/1990 | | Original case info: ORIGIN=I. |
| 05/29/1991 | | Stat at cnvrsn to cmputr 12/06/91. |
| 05/29/1991 | | (see docket book for previous docket entries). |
| 05/29/1991 | | Exhibits received in upstairs bathroom - Gun in wooden closet |
| 05/03/1993 | | Appearance of Deft's Atty: Homans Jr |
| 08/12/1993 | 27 | Motion Pursuant to Rule 25(b)(2) Massachusetts Rules of Criminal |
| 08/12/1993 | 27 | Procedure, to Set Aside Verdict of Guilty of Murder in the Second |
| 08/12/1993 | 27 | Degree and to Order a New Trial, or in the Alternative, to Order the |
| 08/12/1993 | 27 | Entry of a Finding of Guilty of Manslaughter and Memorandum in |
| 08/12/1993 | 27 | Support, filed |
| 11/19/1993 | | Habeas corpus for Deft at Bay State Correctional Center |
| 01/21/1994 | 28 | ORDERED: that the defendant's motion for a new trial or, in the |
| 01/21/1994 | 28 | alternative, a reduction of the verdict of murder in the second |
| 01/21/1994 | 28 | degree to manslaughter be DENIED. |
| 11/17/1994 | 29 | Appearance of Deft's Atty: Fulginiti |
| 08/21/1996 | | Notice of assembly of record; Notices mailed to John J. Conte, |
| 08/21/1996 | | District Attorney, and to Atty John P. Fulginiti, Atty for defendant. |
| 08/21/1996 | | Notice under Appellate Rule 9(d) mailed to Appeals Court together |
| 08/21/1996 | | with List of Exhibits, 1 volume of original transcripts and 1 copy, 2 |
| 08/21/1996 | | certified copies of docket entries, Clerk's Statement of Case and |
| 08/21/1996 | | certified copy of notice of appeal. |
| 08/27/1996 | | Case entered in Appeals Court 8/26/96, #96-P-1331 |
| 03/10/1997 | | Court Reporter NANCY L. EATON, 13 Short Street, Reading, MA 01867 is |
| 03/10/1997 | | hereby notified to prepare one copy of the transcript of the evidence |
| 03/10/1997 | | of SEPTEMBER 12 & 13, 1990 (MOTION TO SUPPRESS HEARING). |
| 04/28/1997 | | Transcript received from District Attorney Office; 3 Volumes on the |
| 04/28/1997 | | Motion to Suppress Hearing; September 12 & 13,1990. |
| 05/09/1997 | | Please find the transcript on the Motion to Suppress Hearing that was |
| 05/09/1997 | | omitted from the Assembly of Record that was filed with your court on |
| 05/09/1997 | | 8/26/96, Docket #96-P-1331. |
| 09/16/1998 | 30 | Rescript rec'd from Appeals Court; Judgement affirmed w/Memorandum |
| 09/16/1998 | 30 | and Order Pusuant to Rule 1:28 (Ashley Ahearn,Clerk) Copy to DA & |
| 09/16/1998 | 30 | Atty Fulginitti |
| 07/07/2000 | 31 | Deft files Motion for A New Trial Pursuant to Mass.R.Crim.P.30(b) |
| 07/07/2000 | 31 | w/Memorandum in Support & Exhibits in Support |

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

| Date | No. | Description |
|---|---|---|
| 07/07/2000 | 32 | Deft files Motion for Discovery Pursuant to Mas.R.Crim.P.30(c)(4) |
| 07/07/2000 | 33 | Joint Affidavit of John P. Fulginiti and Patricia M. Darrigo |
| 09/22/2000 | 34 | Interim Management Order on Defendant's Motion for New Trial - The |
| 09/22/2000 | 34 | parties are to confer for the purposes of scheduling during |
| 09/22/2000 | 34 | October,2000 (See order for further endorsement) (Fecteau,J.) Copy to |
| 09/22/2000 | 34 | DA & Atty Fulginiti |
| 10/27/2000 | 35 | Appearance of Deft's Atty: John P Fulginiti |
| 11/20/2000 | | Habeas corpus for Deft at Bay State Correctional Center |
| 12/01/2000 | 36 | Commonwealth files Opposition to Defendant's Second Motion for a New |
| 12/01/2000 | 36 | Trial |
| 12/01/2000 | 36 | Deft files Memorandum of Law Re: Waiver (Motion for a New Trial) |
| 12/06/2000 | 37 | Deft files Further Memorandum of Law Re: Waiver (Motion for a New |
| 12/06/2000 | 37 | trial) in response to Commonwealth's Opposition |
| 02/05/2002 | 38 | Memorandum of Decision and Order on Defendant's Motion for a New |
| 02/05/2002 | 38 | Trial - DENIED (Fecteau,J.) Copy to DA & Atty Fulginiti |
| 02/13/2002 | | Case is in the Post Conviction section |
| 02/28/2002 | 39 | NOTICE of APPEAL (Motion for New Trial) FILED by Defendant |
| 05/15/2002 | | Record Assembled. Notices mailed to John J. Conte, District Attoney |
| 05/15/2002 | | and to John P. Fulginiti, Attorney for the defendant. Notice under |
| 05/15/2002 | | Appellate Rule 9(d) mailed to Appeals Court together with the |
| 05/15/2002 | | Memorandum of Decision and Order on Defendant's Motion for a New |
| 05/15/2002 | | Trial (Denial), 2 certified copies of docket entries, Clerk's |
| 05/15/2002 | | Statement of Case & The Notice of Appeal. |
| 05/17/2002 | 40 | Notice of Entry from the Appeals Court; Docket No: 2002-P-0735, |
| 05/17/2002 | 40 | entered on May 16,2002.. |
| 07/09/2002 | | Copy of Affidavit of defendant in support of motion to suppress |
| 07/09/2002 | | physical evidence and statements sent to Atty Fulginiti |
| 05/06/2003 | 41 | Rescript received from Appeals Court; judgment AFFIRMED (Ashley |
| 05/06/2003 | 41 | Ahearn, Clerk) copies mailed |

## Charges

1 Charges for Docket: WOCR1990-01100

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Murder | WODA90-01100 | Active |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.