UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40267-DPW

| | |
|---|---|
| JOHN G. LINDENBERG,<br>    Petitioner<br><br>v.<br><br>PAUL VERDINI, Superintendent,<br>MCI, Shirley,<br>    Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITIONER'S REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Petitioner, John G. Lindenberg, requests that the Respondent shall produce the documents described below for inspection and copying by the Petitioner or his counsel at the offices of Taylor, Ganson & Perrin, LLP, 160 Federal Street, 20th Floor, Boston, MA 02110, thirty (30) days after service of this request.

DEFINITIONS

    1.    The term "documents" shall mean all writings of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications,

bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

2. The term "all documents" means every document as above defined known to you to be within your possession, custody or control and every such document which can be located or discovered by reasonably diligent efforts.

3. The term "possession, custody or control" includes the joint or several possession, custody or control not only by the Respondent, but also the joint or several possession, custody or control by each of any officer, director, managing agent, or other person acting or purporting to act on behalf of the Respondent.

4. The terms "you" and "your" mean the Respondent, or any other person, natural or corporate, controlled by the Respondent, including any agents of the Respondent and all other persons, including any attorneys, acting or purporting to act on behalf of the Respondent.

5. "Regarding or relating to" shall mean: embodying, mentioning or concerning the subject matter identified in the request, without limitation.

6. If any documents covered by this Request are withheld from production, please furnish a list of all such documents, containing a complete description of each document, including the date of the document, identification of each person to whom it is addressed, identification of each person by whom it was written, and the ground or grounds upon which it is being withheld.

7. "Applicable Period" for discovery, unless otherwise specified, shall be for documents produced, prepared, or received during, or relating to, the period commencing January 1, 1998 to the present time.

## DESTRUCTION OF REQUESTED DOCUMENTS

If any document sought by this request has been destroyed, and if no copy exists within your possession, custody or control, please identify the document and the date of its destruction, the person responsible for ordering the destruction, the person performing the destruction, the method of destruction, and purpose thereof.

## DOCUMENTS AS TO WHICH PRIVILEGE OR WORK PRODUCTION PROTECTION IS CLAIMED

Any document requested to be produced that you believe may be withheld on the grounds of either privilege or work product protection is to be listed with a brief description of the document and the statement of the basis for the withholding.

## REQUEST NO. 1

Copies of all documents contained within the files maintained by the Massachusetts Department of the State Police (including the Worcester C-PAC Unit assigned to the District Attorney's Office, the C-2 Grafton Barracks and any internal investigative unit), the Worcester District Attorney's Office, and the Westborough Police Department that relate to:

(1) an investigation of certain named individuals (Daniel Savage, DOB 06-21-66, Jeffrey A. Krantz, DOB 07-20-70 and Clinton J. Judd, DOB 05-04-72) beginning on February 15, 1990 and continuing for the crimes of homicide, larceny of a motor vehicle and/or possession of a dangerous weapon; and

(2) the official investigation into the police shooting of suspect Daniel Savage who was believed to be involved in the shooting death of Peter Oatis at the Fisheries and Wildlife Office in Westborough also on February 15, 1990.

Respectfully submitted,

JOHN G. LINDENBERG,

By his attorney,

Date: May 12, 2004

By: /s/ John P. Fulginiti
John P. Fulginiti, Esq.
BBO #554709
Taylor, Ganson & Perrin, L.L.P.
160 Federal Street, 20th Floor
Boston, MA 02110
(617) 951-2777