UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-40267-DPW

JOHN G. LINDENBERG,
Petitioner

v.

PAUL VERDINI, Superintendent,
MCI, Shirley,
Respondent

# PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

## FACTUAL BACKGROUND

Petitioner John G. Lindenberg's filing of his habeas corpus petition was not untimely, because there are grounds in this case for equitable tolling and in addition there was an impediment to filing his application within the meaning of 28 U.S.C. §2244(d)(1)(B). One issue which the petitioner seeks to raise in his habeas petition is whether the Commonwealth of Massachusetts denied him an opportunity for full and fair litigation of his claim that he was arrested without probable cause. On the petitioner's direct appeal from his conviction, the Commonwealth was permitted to reverse itself and for the first time to defend a strip search of the petitioner as incident to a lawful arrest.[1] Because the Commonwealth had conceded in the trial court that probable cause to arrest the petitioner was lacking at the time of the search, the

[1]The facts stated herein are supported by the Affidavit of John P. Fulginiti in Opposition To Respondent's Motion To Dismiss, filed herewith.

petitioner had no reason in the trial court to take discovery or to demand exculpatory evidence material to that issue. The question of probable cause to arrest the petitioner thus was placed in issue and decided on his direct appeal based upon a trial court record made when the Commonwealth was conceding a lack of probable cause to arrest.[2] In finding probable cause, the Appeals Court relied in part upon evidence that no other potential assailants were seen in or near the area where the petitioner and victim were found.

At the hearing on the petitioner's motion to suppress, police officers had testified that at the same moment the petitioner was being searched, the police were pursuing three men who had abandoned a stolen car a mile or two from the scene of the homicide. One officer had testified that he believed at one point that these men might be the assailants. The petitioner had no reason to examine this testimony, as the Commonwealth had already taken the position at the hearing that probable cause to arrest him was lacking. Following denial of his direct appeal, the petitioner wished to move for a new trial, in order that the question of probable cause to arrest him could be addressed on a full and fair record. Massachusetts law requires that a party establish a prima facie case for relief in order to obtain discovery in connection with a motion for a new trial. *See,* Mass. Rules of Criminal Procedure, Rule 30 (c)(4). In order to obtain post-trial discovery of the circumstances regarding the pursuit of the men in the stolen car, the petitioner needed to make some showing that the information would be material to the question of probable cause to arrest him. For this reason, before filing his motions for a new trial and for discovery, the petitioner made a formal request pursuant to the state public records statutes to the relevant

---

[2]Under the Massachusetts Rules of Appellate Procedure, the petitioner had no opportunity on his appeal either to request any discovery or to expand the trial court record on appeal with any information he might be able to discover on his own.

state law enforcement agencies for records relating to the possible apprehension of other suspects for the homicide at the very moment the Commonwealth belatedly claimed probable cause existed to arrest the petitioner for the same homicide. At the same time, the petitioner also searched public records such as newspaper archives and court records.

Although the Massachusetts statute requires a response to a public records request in ten (10) days, it was more than a month before the District Attorney's Office acknowledged the petitioner's request and requested more time to respond. After hearing nothing from the unit of the State Police responsible for the pursuit and apprehension of the men in the stolen car for over two months, and having received nothing from the District Attorney's Office, the petitioner sent follow-up requests. The District Attorney's Office responded that more specific information was needed in order to respond. By this time, the petitioner had received tapes of the police radio broadcasts in regard to the pursuit of the other suspects, and so provided additional information to support his request to the District Attorney and made a supplemental request to the State Police.

The petitioner waited a number of months for further responses to his requests, during which time he also attempted to find sufficient evidence from other sources to meet his burden to establish a prima facie case for relief. When no further information was forthcoming, the petitioner filed his motion for a new trial and motion for discovery.

**ARGUMENT**

The one-year limitations period on habeas corpus petitions by state prisoners is subject to the defense of equitable tolling. *Neverson v. Farquharson,* 2004 U.S. App. LEXIS 8762 (1st Cir. May 4, 2004). Equitable tolling is appropriate "when circumstances beyond the petitioner's control have prevented him from filing on time." *Id.* at 25.

This case presents the unusual circumstance where the question of probable cause to arrest the petitioner only became a live issue on the petitioner's direct appeal from his conviction, at which time under Massachusetts law the petitioner no longer had any entitlement to discovery or to supplement the factual record on appeal in order to support his claim that probable cause to arrest him was lacking. In order to obtain discovery in connection with his motion for a new trial following his appeal, Massachusetts law requires the petitioner to establish a prima facie case for relief. Mass. R. Crim. P. 30(c)(4). Thus, the petitioner's success on his motion for a new trial and for discovery depended upon finding sufficient evidence to establish a prima facie case before filing his motions. Under this circumstance, the habeas statute of limitations should be equitably tolled from the date the petitioner formally requested records in the exclusive possession of the Commonwealth, rather than from the date he filed his motion for a new trial and motion for discovery, as the records were needed to support the motions. *Cf., Donovan v. State of Maine,* 276 F.3d 87 (1st Cir. 2002) (no equitable tolling where petitioner did not need transcript in order to file habeas application). The court held in *Killela v. Hall,* 84 F. Supp. 2d 204 (D. Mass. 1999), that the habeas limitations period "must be construed. . . broadly to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Id.* at 211, quoting from *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999).

In *Hodge v. Greiner*, 269 F.3d 104 (2d Cir. 2001), the court concluded that the limitations period should not be tolled from the time the petitioner filed a state civil proceeding to obtain documents concerning the investigation of his offense, because the proceeding did not challenge the petitioner's conviction. The court stated that "[i]f a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the

court where a properly filed and timely collateral attack on his conviction is pending." *Id.* at 107. Here, state law required the petitioner to establish a prima facie case for relief in order to obtain discovery in aid of his collateral attack on his conviction. It is for this reason that the petitioner should be entitled to have the limitations period tolled from the time he made a formal request for documents under the state public records law, which was May 14, 1999, until the final denial of his application for post-conviction relief on April 30, 2003.[3] Under the circumstances of this case, where probable cause to arrest only became a live issue after the petitioner had lost his right take discovery in the trial court and state law required the petitioner to establish a prima facie case for relief in order to obtain post-conviction discovery, it is equitable to include the petitioner's public records request and other efforts to satisfy his evidentiary burden in "[t]he entire period in which a petitioner is appropriately pursuing and exhausting his state remedies," *Nino v. Galaza,* 183 F.3 1003, 1004 (9th Cir. 1999), and to toll the limitations period from the date of his formal public records request.

In addition, the requirement that the petitioner establish a prima facie case for relief in order to obtain post-conviction discovery was, under the circumstances of this case, "an impediment to filing an application" within the meaning of 28 U.S.C. §2244(d)(1)(B). In order to satisfy the exhaustion requirement of the habeas statute, the petitioner needed to bring a motion for a new trial in state court, but in order to bring a viable motion and have any chance to obtain discovery in connection with that motion, the petitioner needed to set forth sufficient

---

[3]The petitioner's habeas petition would then be timely, as the period from December 14, 1998, when his conviction became final (the expiration of the 90-day period in which *certiorari* could have been sought), to May 14, 1999, when the petitioner made a formal public records request, and from April 30, 2003, when his application for post-conviction relief was finally denied, to November 25, 2003, when he filed his habeas petition, totals less than 365 days.

evidence to satisfy the "prima facie case" requirement. This requirement constituted an "impediment" to the filing of the petitioner's habeas corpus petition, because it delayed the filing of the petitioner's new trial motion in state court, which was a prerequisite to the filing of the petitioner's habeas petition. *See, Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir. 2000) (court remands for development of record in regard to whether failure of prison law library to have legal materials describing AEDPA impeded petitioner's timely filing of habeas petition).

## REQUEST FOR ORAL ARGUMENT

The petitioner wishes to be heard in opposition to the respondent's motion to dismiss. The court correctly observed in *Whalem/Hunt v. Early, supra,* that determinations of whether there are grounds for equitable tolling or whether there was an "impediment" to filing are "highly fact-dependent." *Id.* at 1148.

## CONCLUSION

The respondent's motion to dismiss should be denied.

Respectfully submitted,

JOHN G. LINDENBERG,

By his attorney,

Dated: May 17, 2004

By: [signature]
John P. Fulginiti, Esq.
BBO #554709
Taylor, Ganson & Perrin, L.L.P.
160 Federal Street, 20th Floor
Boston, MA 02110
(617) 951-2777