## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

Civil Action No.  03-40267-DPW

| | |
|---|---|
| JOHN G. LINDENBERG, <br> Petitioner | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| PAUL VERDINI, Superintendent, <br> MCI, Shirley, <br> Respondent | ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF JOHN P. FULGINITI IN OPPOSITION
## TO RESPONDENT'S MOTION TO DISMISS

JOHN P. FULGINITI hereby deposes and states:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts and am representing the Petitioner, John G. Lindenberg, in this habeas corpus proceeding.

2. I am a partner of the law firm Taylor, Ganson & Perrin, LLP, which was retained in 1994 to prosecute John Lindenberg's appeal from his conviction.  As appellate counsel for Mr. Lindenberg, I have personal knowledge of the facts and circumstances stated herein relating to his direct appeal from his conviction, as well as his motions for a new trial and for discovery.

3. Prior to his trial, the Petitioner moved to suppress statements and physical evidence recovered by the State Police in violation of his rights to be free from unreasonable searches and seizure under the U.S. Constitution and the Massachusetts Declaration of Rights.  The gist of the Petitioner's claim was that state troopers forced him to strip down to his underwear and to submit

to a search of his clothing and a frisk of his underwear, without any suspicion that the Petitioner was either armed or a participant in the homicide being investigated, and that this invasive search transformed the informal questioning of him into a de facto arrest and custodial interrogation. At the hearing on the Petitioner's motion to suppress, the Commonwealth immediately conceded that probable cause to arrest the Petitioner was lacking at the time of the search, and successfully defended the search as a protective pat frisk. The Commonwealth's position at the suppression hearing was that probable cause to arrest the Petitioner did not arise until more than 6 hours after the search, when the police found physical evidence, including a gun, which they believed could be linked to the Petitioner. The Commonwealth's concession eliminated the issue of probable cause to arrest the Petitioner at the time of the strip search as a live issue in the trial court proceeding.

4. At the hearing on the Petitioner's motion to suppress, a number of police officers testified that, contemporaneously with the homicide investigation at the Petitioner's place of employment, "another matter" involving a stolen car was going on at the other end of town. One officer testified that information he heard over his police radio the morning of the homicide led him to believe that three people being pursued at the other end of town, who had fled from a stolen car found about a mile and a half or two miles from the homicide scene, could be the assailants involved in the homicide. The Petitioner had no reason to pursue information about this other contemporaneous matter in the trial court, in view of the Commonwealth's concession that probable cause to arrest the Petitioner was lacking when he was searched.

5. I was taken by surprise when the Commonwealth did an about-face on the Petitioner's appeal and for the first time argued that the police had probable cause to arrest him for murder at

2

the time of the strip search. Under the Massachusetts Rules of Appellate Procedure, the Petitioner had no entitlement in the Appeals Court either to request discovery or to expand the evidentiary record made in the trial court. I was compelled to meet the Commonwealth's new theory with the record made at the suppression hearing where the Commonwealth had conceded a lack of probable cause to arrest.

6. Following the affirmance of the Petitioner's conviction, by letters dated May 14 and 17, 1999 (copies attached as Exhibit 1), Taylor, Ganson & Perrin made formal requests pursuant to the Massachusetts public records statutes, M.G.L. c. 4, §7, and M.G.L. c. 66, §10, of the Westborough Police Department and of the Massachusetts State Police, including the Worcester C-PAC Unit assigned to the District Attorney's Office, for all records and reports relating to the police chase of a stolen motor vehicle on the morning of the homicide, as well as police arrest reports, duty logs, and recordings of police radio broadcasts on that morning.

7. By a letter dated July 9, 1999, the Office of the General Counsel of the State Police produced tapes of the police radio transmissions covering the relevant time period. From the transcript prepared from those tapes, I learned for the first time that all of the officers involved in the pursuit of the three subjects were advised that the subjects were possibly involved in the homicide and that it was a good possibility they were armed, because the weapon had not yet been recovered at the homicide scene. I also learned that the three subjects were apprehended with deadly force and that one of them was shot. The transcript of the radio broadcast also established that the three suspects were taken into custody at the very moment the Commonwealth belatedly claimed that probable cause to arrest the Petitioner for the homicide existed.

3

8. On July 16, 1999, we renewed our request for records to the C-PAC Unit of the State Police and to the District Attorney's Office, as we had had no response from the C-PAC Unit and had been promised a response by the District Attorney's Office by the end of the June. Copies of the letters are attached as Exhibit 2.

9. With the information learned from the tape transcription, on July 21, 1999 we made a supplemental record request to the State Police for all incident and police reports regarding the apprehension and arrest of the three subjects, as well as regarding the shooting of one suspect. On July 28, 1999, the State Police wrote that a response would be forthcoming after a review of the Department's records. Copies of the letters are attached as Exhibit 3.

10. On July 23, 1999, the Office of the District Attorney responded that it was not possible to respond to the request for records relating to the pursuit of the other suspects without more specific information. We provided more specific information to the Office of the District Attorney on July 27, 1999 and again on September 29, 1999. Copies of the letters are attached as Exhibit 4.

11. After a number of months, during which time we awaited records from the C-PAC Unit of the State Police and the Office of the District Attorney which were never forthcoming and in addition attempted to meet our burden to establish a prima facie case from other sources, I filed a motion for a new trial and for discovery on the Petitioner's behalf based upon the information contained in the radio broadcast transcription, as well as from articles retrieved from newspaper archives, which reported that the Massachusetts State Police initially disclosed to the media that the three suspects were apprehended in connection with the homicide. A state official reportedly stated that it was only at the conclusion of the police's day-long investigation, when

4

they discovered certain physical evidence, that the Petitioner was arrested and the three suspects already under arrest were cleared.  Capt. Wayne Harding, commander of the western division of the Massachusetts State Police and the superior of all of the troopers involved in the homicide investigation, was quoted at a press conference on February 16, 1990 as justifying the shooting of one of the suspects on the ground that the police reasonably believed that the suspects were involved in the shooting at the Fisheries and Wildlife Department.

12.  The Petitioner's motions for a new trial and for discovery were finally denied on April 30, 2003, when the Supreme Judicial Court denied further appellate review.

Sworn under the pains and penalties of perjury this 17th day of May, 2004.

John P. Fulginiti, Esq.

5

## CERTIFICATE OF SERVICE

I, John P. Fulginiti, Esq., counsel for John G. Lindenberg, do hereby certify that on May 17, 2004, I have served a copy of the Petitioner's Memorandum in Opposition to Respondent's Motion to Dismiss and Affidavit of John P. Fulginiti in Support of Petitioner's Memorandum in Opposition to Respondent's Motion to Dismiss, by first class mail, postage prepaid, to Assistant Attorney General, Dean A. Mazzone, Office of the Attorney General, 1 Ashburton Place, Boston, MA 02108.

John P. Fulginiti, Esq.
BBO# 554709
Taylor, Ganson & Perrin, L.L.P.
160 Federal Street, 20th Floor
Boston, MA 02110
(617) 951-2777

Dated: May 17, 2004