UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

**JOHN G. LINDENBERG,**
       **Petitioner,**

v.                                            Civil Action No. 03-40267-DPW

**PAUL VERDINI**
       **Respondent**

_____

### OPPOSITION TO PETITIONER'S MOTION FOR LEAVE FOR DISCOVERY AND FOR THE PRODUCTION OF DOCUMENTS

The respondent, Paul Verdini, hereby opposes the petitioner's motions for leave to conduct discovery and for production of documents. As grounds, the respondent states that his dispositive motion to dismiss the habeas corpus petition as time-barred is now pending before the Court. If the Court allows the motion, the petition will be dismissed with prejudice, *see* 28 U.S.C. § 2244(d)(1), thereby rendering the petitioner's discovery motions moot. *See, e.g.*, *Fed. Ins. Co. v. Me. Yankee Atomic Power Co.*, 311 F.3d 79, 81, n.1 (1st Cir. 2002) ("We have consistently held that a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the controversy."). As a result, any action on a discovery motion is premature, as was the filing of these motions.

### PRIOR PROCEEDINGS

In 1990, a Worcester County, Massachusetts, grand jury indicted the petitioner on one count of first-degree murder. A Superior Court jury convicted the petitioner of second-degree murder and he was sentenced to the statutorily mandated term of life imprisonment. *See* Mass. G.L. c. 265, § 2. The Massachusetts Appeals Court affirmed the petitioner's conviction in an

2

unpublished, May, 1998, memorandum and order pursuant to its Rule 1:28.  *See Commonwealth v. Lindenberg*, 44 Mass. App. Ct. 563, 705 N.E.2d 276 (1998).  The Supreme Judicial Court denied further appellate review on September 14, 1998.  *See Commonwealth v. Lindenberg*, 428 Mass. 1104, 705 N.E.2d 276 (1998).

Approximately two years later, on July 7, 2000, the petitioner unsuccessfully moved for a new trial in the Worcester Superior Court.  The Appeals Court affirmed that order on March 5, 2003, and the Supreme Judicial Court denied further appellate review on April 30, 2003.  *See Commonwealth v. Lindenberg*, 57 Mass. App. Ct. 1111, 784 N.E.2d 51; *Commonwealth v. Lindenberg*, 439 Mass. 1104, 787 N.E.2d 1058 (2003).

The petitioner filed his federal habeas corpus petition on November 25, 2003.  *See* Docket Sheets.  This Court ordered the respondent to file a motion to dismiss or other dispositive motion by February 18, 2004.  *See* Docket Sheets.  The Court subsequently allowed the respondent's motions to enlarge time to file response on March 8, 2004 and May 5, 2004.  *See* Docket Sheets.  On May 5, 2004, the respondent moved to dismiss the petition on the grounds that it was time barred pursuant to 28 U.S.C. § 2244(d)(1).  The Court has yet to act on the motion.  Despite the fact that this dispositive motion is pending, on May 12, 2004, the petitioner moved for leave to conduct discovery and for the production of documents.  *See* Docket Sheets.

**ARGUMENT**

This Court should dismiss the petitioner's discovery motions, or decline to act upon them, because they are premature.  The issue currently before the Court, and one that is potentially dispositive, is whether the petition must be dismissed with prejudice because it is time-barred.  The respondent raised the issue in its motion to dismiss on May 5, 2004 and while the petitioner,

3

in a memorandum dated May 17, 2004, agrees that the one-year period has run, he argues that the statute of limitations should be "equitably tolled."[1] If the Court rules in the respondent's favor on this motion, the petition must be dismissed, *see* 28 U.S.C. § 2244(d)(1), thereby rendering the petitioner's discovery motions moot. *See, e.g., Fed. Ins. Co.*, 311 F.3d at 81 n.1. And even if the Court rules for the petitioner on that issue, the respondent may seek to file an answer or other pleading raising other affirmative defenses.[2] Thus, at this early juncture, the petitioner's motions for discovery are premature. As a result, the respondent opposes the motions and urges their dismissal without prejudice for refiling should the case later assume a procedural posture appropriate for their consideration.

## CONCLUSION

For the foregoing reason, this Court should dismiss the petitioner's motions to obtain discovery.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow
Assistant Attorney General
Criminal Bureau

---

[1] Furthermore, the respondent has filed herewith a further Memorandum in Support of his Motion to Dismiss concerning the inapplicability of equitable tolling in this case.

[2] It bears noting that on January 29, 2004, this Court's ordered the respondent to "file a motion to dismiss or other dispositive motion to the Petition," and not an answer. *See* 28 U.S.C. § 2254 Rule 3. In its motion to dismiss, the respondent requested leave to file an additional response in the event the Court determines the petition is not time-barred.

4

One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949
BBO No. 641668

Dated: June 4, 2004