# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

**JOHN G. LINDENBERG,**
      **Petitioner,**

**v.**                                        **Civil Action No. 03-40267-DPW**

**PAUL VERDINI**
      **Respondent**

_____

## RESPONDENT'S FURTHER MEMORANDUM IN
## SUPPORT OF HIS MOTION TO DISMISS

The respondent, Paul Verdini, submits this memorandum in further support of his motion

to dismiss.  Specifically, this memorandum responds to the petitioner's argument that he is

entitled to equitable tolling.  For the reasons set forth below, the petitioner has failed to make an

adequate showing that this is an extraordinary case where equitable tolling is warranted.

## BACKGROUND

In 1990, a Worcester County, Massachusetts, grand jury indicted the petitioner on one

count of first-degree murder.  A Superior Court jury convicted the petitioner of second-degree

murder and he was sentenced to the statutorily mandated term of life imprisonment.  *See* Mass.

G.L. c. 265, § 2.  The Massachusetts Appeals Court affirmed the petitioner's conviction in an

unpublished, May, 1998, memorandum and order pursuant to its Rule 1:28.  *See Commonwealth*

*v. Lindenberg*, 44 Mass. App. Ct. 563, 705 N.E.2d 276 (1998).  The Supreme Judicial Court

denied further appellate review on September 14, 1998.  *See Commonwealth v. Lindenberg*, 428

Mass. 1104, 705 N.E.2d 276 (1998).

Approximately twenty months later, on July 7, 2000, the petitioner unsuccessfully moved

2

for a new trial in the Worcester Superior Court. The Appeals Court affirmed that order on March 5, 2003, and the Supreme Judicial Court denied further appellate review on April 30, 2003. *See Commonwealth v. Lindenberg*, 57 Mass. App. Ct. 1111, 784 N.E.2d 51; *Commonwealth v. Lindenberg*, 439 Mass. 1104, 787 N.E.2d 1058 (2003).

The petitioner filed his federal habeas corpus petition on November 25, 2003. On May 5, 2004, the respondent moved to dismiss the petition on the grounds that it is time barred pursuant to 28 U.S.C. § 2244(d)(1). The petitioner filed his memorandum in opposition to the respondent's motion on May 17, 2004, arguing that the court should apply the doctrine of equitable tolling to his case. This memorandum follows. The Court has yet to act on the respondent's underlying motion to dismiss.

## ARGUMENT

Faced with the fact that he filed his petition for habeas corpus relief well in excess of the AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), petitioner asks the Court to excuse his tardiness by invoking the principles of equitable tolling. "The doctrine of equitable tolling provides that in exceptional circumstances, a statute of limitations 'may be extended for equitable reasons not acknowledged in the statute creating the limitations period.'" *Neverson* v. *Farquharson*, 2004 U.S. LEXIS 8762 *18 (1st Cir. 2004) (quoting *David* v. *Hall*, 318 F.3d 343, 345-346 (1st Cir. 2003)). While equitable tolling may apply in extraordinary cases, *id.* at *23, this is not such a case. "As the party seeking to invoke equitable tolling, [the petitioner] bears the burden of establishing the basis for it." *Id.* at *24. The crux of the petitioner's claim, that tolling is appropriate because he needed time to gather facts about the existence of other suspects to buttress his motion for a new trial, presents no basis for the extraordinary relief provided by

equitable tolling.  Put simply, the petitioner knew of the existence of other suspects as early as the pre-trial evidentiary hearing on his motion to suppress, and, even assuming he did not, equitable tolling is not appropriate when the stated justification is the time it took to receive public records from government agencies.

Fleshed out, the petitioner's theory is as follows: At a pre-trial motion to suppress, "a number of police officers" testified that the police were "pursuing three men who had abandoned a stolen car a mile or two from the scene of the homicide" and one officer "testified that he believed . . . that those men might be the assailants."  Pet. Memo. at 2; Aff. 2, ¶ 4.   At the hearing, the Commonwealth "conceded that probable cause to arrest the [p]etitioner was lacking at the time of the search [of the petitioner], and successfully defended the search as a protective pat frisk."  Affidavit of John P. Fulginiti in Opposition to Respondent's Motion to Dimiss, ¶ 3.  As a result of this concession, the petitioner purportedly did not pursue cross-examination on this point.  Pet. Memo. at 2.[1]  On direct appeal, the Commonwealth justified the search based upon the existence of  probable cause and as a lawful search incident to arrest.  *See* Pet. Memo. at 1.  The petitioner complains that "[t]he question of probable cause to arrest . . . thus was placed in issue and decided on his direct appeal based upon a trial court record made when the Commonwealth was conceding a lack of probable cause to arrest."  Pet. Memo. at 2.  This, he argues, denied him "an opportunity for full and fair litigation of his claim that he was arrested without probable cause."  Pet. Memo. at 1.

---

[1] The state court docket sheets reflect that the petitioner was represented by attorney William Homans during pre-trial motions as well as at trial.  The petitioner's current counsel did not become involved until after the petitioner's unsuccessful post-trial motion to set aside the verdict.  The petitioner's current counsel leaves unexplained how he knows the reason former counsel chose not to examine the officers about the three men at the motion to suppress hearing.

4

After his direct appeal was denied on May 22, 1998, the petitioner waited until July 7, 2000 to file his motion for a new trial. *See* Mass. R. Crim. P. 30(b). In an attempt to justify his request for equitable tolling, the petitioner points to the time it took to receive responses to public records requests he made to establish a *prima facie* case for post-trial discovery. *See* Mass. R. Crim. P. 30(c)(4). By pressing this argument, the petitioner forgets that "'[e]quitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.'" *Neverson*, 2004 U.S. LEXIS 8762 at * 25 (quoting *Donovan* v. *Maine*, 276 F.3d 87, 93 (1st Cir. 2002)).

1.      *The Commonwealth Could Not Have Denied the Petitioner An Opportunity For Full and Fair Litigation of His Claim That He Was Arrested Without Probable Cause Because the Appellate Record Was Sufficient to Litigate the Issue.*

The crux of the petitioner's argument for equitable tolling is that he was taken by surprise when the Commonwealth argued on appeal that there was sufficient probable cause to arrest him, thereby justifying the search as one incident to a lawful arrest, as opposed to the position it took at the motion to suppress, that the search was justified as a protective pat frisk. Pet. Memo. at 1-2; Affidavit of John P. Fulginiti in Opposition to Respondent's Motion to Dismiss, ¶ 5. He argues that had he known about the potential shift in arguments, he would have developed the record further,[2] and he needed additional time after the denial of his appeal to develop a factual basis to support a *prima facie* showing that post-trial discovery was warranted. *See* Pet. Memo at 1-2, 4-5; Mass. R. Crim. P. 30(c)(4). This Court should deny the petitioner's request for equitable tolling because he was not denied an opportunity to fully litigate his claim that the Commonwealth lacked probable cause to arrest him.

_____

[2] *See supra*, note 1.

5

It is well established in the Massachusetts state courts that "[a]n appellate court is free to affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings." *Commonwealth* v. *Va Meng Joe*, 425 Mass. 99, 102, 682 N.E.2d 586, 588 (1997); *Commonwealth* v. *McCoy*, 59 Mass. App. Ct. 284, 288 n.4, 795 N.E.2d 1183, 1186 (2003). Thus, as long as it hewed to the appellate record, *see* Mass. R. App. P. 8(a), and the petitioner makes no contention otherwise, the Commonwealth was entitled to argue the search was justified by probable cause, in addition to, or in lieu of, its earlier argument that the search was justified as a lawful pat frisk. Had the petitioner wished to refute that contention, or the propriety of making such an argument, he could have done so by filing a reply brief in the Appeals Court. *See* Mass. R. App. P. 16(c). This he did not do. Because he failed to avail himself of remedies provided by the state courts, this Court should deny his request for equitable tolling of the statute.

2.    *Even if the Court Concludes that the Commonwealth Should Not have Justified the Search as One Incident to a Lawful Arrest, the Defendant Had Sufficient Information to Obtain Post-Trial Discovery Without Seeking Additional, Cumulative Information from Public Records Requests.*

Under Mass. R. Crim. P. 30(c)(4), a defendant seeking a new trial may obtain discovery "[w]here affidavits filed by the moving party . . . establish a prima facie case for relief."[3] Once a defendant satisfies that burden, "discovery is within the judge's broad discretion." *Commonwealth* v. *Arriaga*, 438 Mass. 556, 569-570, 781 N.E.2d 1253, 1267 (2003). In this case, "[a]t the hearing on the [p]etitioner's motion to suppress, a number of police officers

---

[3] This rule was amended in 2001, after the petitioner filed his motion for a new trial, "to eliminate confusion arising from the reference to discovery in civil cases." Reporter's Notes to Mass. R. Crim. P. 30(c)(4). The amendment has no bearing on the petitioner's claim here.

6

testified that, contemporaneously with the homicide investigation at the [p]etitioner's place of employment, 'another matter' involving a stolen car was going on at the other end of town. One officer testified that information he heard over his police radio the morning of the homicide led him to believe that three people being pursued at the other end of town, who had fled from a stolen car fount about . . . two miles from the homicide scene, could be the assailants involved in the homicide." Affidavit of John P. Fulginiti in Opposition to Respondent's Motion to Dismiss, ¶ 4.

Thus, without question, the petitioner knew about the other suspects prior to pursuing his direct appeal. Even assuming the petitioner's claim that he did not pursue this information in the trial court because the Commonwealth conceded that probable cause to arrest him was lacking, the information he did have was likely sufficient to establish a *prima facie* case for discovery, and additional information about the existence of suspects would not strengthen his case.[4] Thus, the petitioner's filing of his public records requests was unnecessary for purposes of State post-trial conviction procedure[5] and as a result, the time it took the various agencies to respond should not toll the AEDPA's statute of limitations.

Moreover, "[t]here is literally no limit to the number of Freedom of Information Law

---

[4] That being the case, there remains the question as to whether information about additional suspects would ever give rise to a *prima facie* case for relief, *i.e.*, warrant a new trial. Here, it seems unlikely because even if probable cause existed to support a justifiable arrest of the three men in the car, probable cause to arrest the petitioner would not necessarily be vitiated. *See, e.g., United States v. Lee*, 317 F.3d 26, 32 (1st Cir. 2003) (Noting "[p]robable cause is a fluid concept.").

[5] Consequently, the requirement of establishing a *prima facie* case for relief in order to obtain post-trial discovery is not an impediment to filing an application within the meaning of 28 U.S.C. § 2244(d)(1)(B). *Compare* Pet. Memo. at 5.

7

requests that a state prisoner could make after his conviction.[6]  Allowing a toll during the

pendency of these requests could toll the AEDPA time period indefinitely.  Put simply, it would

be inconsistent with AEDPA's limitation period to allow endless requests for information to toll

the statute of limitations."  *Sorce* v. *Artuz*, 73 F. Supp. 2d 292, 298 (E.D.N.Y. 1999); *accord*

*United States* v. *Tamfu*, 2002 U.S. Dist. LEXIS 19771 *19 (N. D. Texas 2002); *cf. Edmond* v.

*United States Attorney*, 959 F. Supp. 1 (D.D.C. 1997) (time period does not begin to run until the

time when the petitioner should have discovered the facts supporting his claim).  Here, there is

no question the petitioner knew of the facts supporting the claim; indeed, he acknowledges he

knew of these facts as early as his motion to suppress in the Worcester Superior Court.  Pet.

Memo. at 1-2.  Since the facts as developed at the hearing were sufficient to request post-trial

discovery, assuming it was necessary, in the state trial court, this Court rule that equitable tolling

is not appropriate and allow the respondent's motion to dismiss the petition as time barred.

## CONCLUSION

For the foregoing reasons, this Court should deny the petitioner's request for equitable

tolling of the AEDPA's statute of limitations.[7]

---

[6]This is so under the Massachusetts Public Records law as well.  *See* G.L. c. 66, § 10.

[7] The petitioner has requested a hearing on this issue.  *See* Pet. Memo. at 6.  While the respondent has no objection to a hearing, he takes the position that it is unnecessary.

8

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow,  6416668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: June 4, 2004