UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOHN G. LINDENBERG,            )
        Petitioner,            )    CIVIL ACTION NO.
                               )    03-40267-DPW
        v.                     )
                               )
                               )
PAUL VERDINI, Superintendent,  )
MCI, Shirley,                  )
        Respondent.            )
```

MEMORANDUM AND ORDER
December 22, 2004

In 1991 the petitioner in this habeas corpus proceeding under 28 U.S.C. § 2254 was convicted of second degree murder after a jury trial in the Worcester Superior Court.  His conviction was affirmed by the Massachusetts Appeals Court, Commonwealth v. Lindenberg, 44 Mass. App. Ct. 1127 (1998), and further appellate review was denied by the Supreme Judicial Court on September 14, 1998, Commonwealth v. Lindenberg, 428 Mass. 1104 (1998).  With the passage of ninety days for seeking certiorari to the Supreme Court of the United States, 28 U.S.C. § 2101(d), the one-year limitation period for filing a federal habeas corpus proceeding established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), began on December 14, 1998 and ended on December 14, 1999.

On July 7, 2000, nearly seven months after the federal deadline had passed, the petitioner returned to the state courts by filing a motion for a new trial collaterally attacking his conviction.  The denial of that motion by the Superior Court on February 5, 2002, was affirmed by the Appeals Court on March 5,

2003, <u>Commonwealth v. Lindenberg</u>, 57 Mass. App. Ct. 1111 (2003).
Further appellate review was denied by the Supreme Judicial Court
on April 30, 2003, <u>Commonwealth v. Lindenberg</u>, 439 Mass. 1104
(2003).  Nearly seven months later on November 25, 2003, the
petitioner filed the instant habeas petition in this court.

Even ignoring his failure to file in federal court within
one year from the date his judgment became final under federal
habeas corpus law and giving petitioner full benefit for the
tolling of the federal deadline while a state collateral attack
was pending, 28 U.S.C. § 2244(d), the filing of the instant
action in this court was over thirteen months after the passage
of the statute of limitations.

Acknowledging his federal habeas corpus petition is
untimely, petitioner asks that the one-year limitation period
established by AEDPA be tolled equitably because he needed an
extended period to develop the information necessary to support
the motion for a new trial he filed in state court in July 2000.

While equitable tolling may be available to extend the one-
year limitation period, <u>Neverson v. Farquharson</u>, 366 F.3d 32, 41
(1st Cir. 2004), it may be invoked "only 'sparingly' [and] only
in extraordinary circumstances."  <u>Id.</u> at 42 (citations omitted).
Principal among those rare occasions for finding equitable
tolling available are "when circumstances beyond the petitioner's
control have prevented him from filing on time."  <u>Id.</u> (citations

omitted).  That is not this case.

I do not find compelling the petitioner's argument that the federal deadline should be tolled because he was prevented from promptly litigating in state court his theory that, since there were other suspects being pursued, probable cause was lacking to arrest him and provide a predicate for the search conducted of him.  Putting to one side the proposition that establishing probable cause as to one suspect does not require exclusion of probable cause as to others, see, e.g., Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 11 (1st Cir. 2004) ("Probable cause determinations are, virtually by definition, preliminary and tentative. . . we [] have disclaimed any unflagging duty on the part of law enforcement officers to investigate fully before making a probable cause determination.") (internal citations omitted); United States v. Moody, 762 F. Supp. 1491, 1500 (N.D. Ga. 1991) (rejecting argument by defendant that inclusion of information about investigation of alternative suspect in affidavit supporting search warrant would have defeated probable cause with respect to defendant);[1] cf. Ybarra v. Illinois, 444

---

[1]In discussing this holding, the court explained that:

> To satisfy the fourth amendment's probable cause requirement, the government need not demonstrate that a person is the chief suspect in a criminal investigation. Indeed, implicit within the concept of probable cause is the notion that the government may pursue multiple, perhaps even divergent lines of investigation so long as the government establishes probable cause as to each [suspect] prior to the issuance of any warrant.

3

U.S. 85, 91 (1979) (holding that requirement that a search or seizure of a person be supported by probable cause "particularized with respect to that person" could not be "undercut or avoided by simply pointing to the fact that coincidentally there exits probable cause to search or seize another [person]"), petitioner fails to demonstrate that he could not have raised the issue in a more timely fashion.

The affidavit of his attorney in support of discovery in connection with this petition shows that a police officer testified during a pretrial suppression hearing he believed that three men who had abandoned a car a mile or two from the scene of the homicide might have been the assailants.  That testimony was sufficient to put petitioner on notice of the availability of the "other suspect(s)" theory he now presses and to impose a duty to develop the factual basis to support it.  Petitioner claims that the "other suspect" evidence did not become relevant until briefing of the direct appeal from his conviction.  According to petitioner, the Commonwealth conceded during the pre-trial suppression hearing that it lacked probable cause to arrest the petitioner when the search took place and instead argued that the search was simply part of a pat frisk.  In its Appeals Court brief, however, the Commonwealth effectively withdrew its concession in the trial court and argued for the first time that

---

United States v. Moody, 762 F. Supp. 1491, 1500 (N.D. Ga. 1991) (emphasis in original).

the search was incident to an actual arrest for which there was
probable cause.  The Appeals Court affirmed on that basis.
<u>Commonwealth v. Lindenberg</u>, No. 96-P-1331, slip op. at 7-9 (Mass.
App. Ct. May 22, 1998).

 Petitioner contends that the Commonwealth's <u>volte-face</u> left
him unable to develop an adequate state court factual record to
present the issue to federal court, at least until he had
exhausted his state court remedies with respect to his motion for
a new trial.  I question whether that is so as a matter of
Massachusetts law.  But in any event, the defendant was not
prevented from pursuing his claim in a timely federal court
habeas proceeding.

 The petitioner contends that because the "other suspect"
issue was first made relevant in the Commonwealth's appellate
brief, he was left with no means to develop the record.  This
takes too narrow a view of the appellate process.  Alternative
appellate strategies, mounted through a reply brief, Mass. R.
App. P. 16(c), readily come to mind.  First, an estoppel argument
regarding the Commonwealth's earliest concession could have been
pressed.  Second, evidence of another suspect existed in the
record and there is no reason it could not have been argued in
opposition to the Commonwealth's belatedly asserted search
incident to arrest theory.  Third, remand to develop the record
further in light of the change in the Commonwealth's theory could
have been sought.  There is no indication that the petitioner

chose any of those strategies or even that he filed a reply brief. Nor is there any indication that he raised the issue through his petition for further appellate review.

The petitioner goes on to contend that he was effectively prevented from presenting the issue in a timely fashion through collateral attack by means of a motion for a new trial because the vehicle for doing so, Mass. R. Crim. P. 30, does not permit discovery unless the movant has established a prima facie case for relief. Consequently, petitioner argues, he was in a Catch-22 situation; he lacked evidence sufficient to justify filing a Rule 30(b) motion, but he could not obtain such additional discovery until he did so. Here again, the petitioner takes too narrow a view of Rule 30(b) proceedings.

The prima facie standard for obtaining discovery in connection with a motion for a new trial, Mass R. Crim. P. 30(c)(4), did not prevent the petitioner from timely initiating freedom of information inquiries on this theory. There was evidence of the "other suspect" evidence sufficient on its face to satisfy the prima facie standard. Moreover, the petitioner's resort to Massachusetts freedom of information inquiries seems quite leisurely.[2] The disclosure of the Commonwealth's arrest theory was made known to him by a brief filed in April 1997. Yet

---

[2]The petitioner seeks to make such public records inquiries the equivalent of a state collateral attack in an effort to toll the time during which they were pursued by analogy to 28 U.S.C. § 2244(d)(2). I am aware of no decisional basis for doing so.

it was not until May, 1999 that he initiated his freedom of information inquiries.

Ultimately, whatever the hurdles Massachusetts practice created for the pursuit of petitioner's claim that there was no probable cause for his arrest, they are irrelevant to the limitations period for federal habeas corpus review.  The First Circuit has recognized, albeit after the significant deadline passed for petitioner, that a state prisoner may initiate a federal habeas proceeding even when exhaustion of his claims is not complete and still satisfy the limitations requirements of AEDPA by seeking a stay of federal proceedings while pursuing state remedies.  See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 79 (1st Cir. 2002) (commenting that, in light of the time limitations imposed by AEDPA, "district courts presented with mixed petitions [i.e., those with both exhausted and unexhausted claims] should take seriously any request for a stay"); Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001) (noting that "petitioner could have improved his position by requesting that the district court stay rather than dismiss" his mixed petition and that, in the wake of AEDPA, "this will the preferable course in many cases involving 'mixed' petitions -- and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack"); Delaney v. Matesanz, 264 F.3d 7, 14 n.5 (1st

Cir. 2001).[3]  Moreover, a federal habeas petition may avoid the exhaustion requirement by demonstrating, as petitioner contends here, that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i), (ii).  Under such circumstances, discovery can be afforded in federal habeas proceedings.  This is a procedure petitioner obviously recognizes because, contemporaneously with filing an opposition to the respondent's motion to dismiss in this case, he has sought discovery in this proceeding.

In short, there was nothing here outside petitioner's control which prevented him from bringing a federal habeas corpus proceeding in a timely fashion.  His choice not to do so was apparently based upon strategic and tactical considerations arising from his perception of the most effective advocacy in the state courts.  Whatever the wisdom of the choices made from those

---

[3]Two years ago, the First Circuit recognized the then "growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain federal review," Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 79 (1st Cir. 2002) (emphasis in original), but in a subsequent decision noted that "the fate of this line of cases is uncertain" because the Supreme Court had granted certiorari "to determine whether the district courts must offer the alternative of a stay when dismissing a mixed habeas petition."  Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004).  The Supreme Court thereafter held last term in Pliler v. Ford, 124 S.Ct. 2441 (2004) that no particular warnings could be required before dismissing a mixed petition.  However, the Court did not reach the "propriety of the stay-and-abeyance procedure" outlined in Nowaczyk, id. at 2448 (O'Connor, J. concurring).

considerations, they do not toll the federal limitations period, which directs that "[i]n the habeas context particularly, care is required to avoid upsetting the 'strong concern for finality' embodied in § 2254." <u>Neverson</u>, 366 F.3d at 42 (citations omitted).

Consequently, the respondent's motion to dismiss is hereby ALLOWED.


/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE